SIGNED THIS: October 4, 2012

_____
**Thomas L. Perkins
United States Chief Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | |
| JASON R. HASKELL, | Case No. 11-80231 |
| Debtor. | |
| DANCOR CONSTRUCTION, INC., | |
| Plaintiff, | |
| vs. | Adv. No. 11-8040 |
| JASON R. HASKELL, | |
| Defendant. | |

### O P I N I O N

On July 26, 2012, this Court issued an Opinion and Order entering a final judgment in favor of Dancor Construction, Inc. (DANCOR), Plaintiff, and against Jason R. Haskell (HASKELL), Defendant. The Court determined that HASKELL had falsely represented that certain union workers employed by his company, Haskell Construction, Inc. (HCI),

had been fully paid. This false representation was made in writing as part of a Mutual Release Agreement (MRA). While the wages due those workers had been paid by HCI, certain contributions to several pension and welfare funds were not paid, totaling $12,838.81, which were subsequently paid by DANCOR to obtain releases of mechanics lien claims. A nondischargeable money judgment for that amount was entered against HASKELL, plus costs of $250. DANCOR'S request for punitive damages and attorney fees was denied. DANCOR now moves for reconsideration of the denial of attorney fees.

As more fully explained in the Opinion, the denial of the attorney fees was premised upon the fee-shifting provision set forth in the MRA, a contract between HCI and DANCOR, requiring HCI to indemnify and hold DANCOR harmless against any claims, including attorney fees, "arising from the work performed" by HCI. The Court determined that the fee-shifting provision, by its terms, did not cover attorney fees incurred by DANCOR in prosecuting the nondischargeability action against HASKELL.

Filed within fourteen days of the entry of the judgment, DANCOR'S motion is properly treated as a motion to alter or amend judgment brought under Rule 9023 of the Federal Rules of Bankruptcy Procedure, incorporating Rule 59 of the Federal Rules of Civil Procedure. *See U.S. v. Deutsch,* 981 F.2d 299, 300-02 (7th Cir. 1992). Courts may grant such motions to alter or amend a judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact. *Miller v. Safeco Ins. Co. of America,* 683 F.3d 805, 813 (7th Cir. 2012). Such motions are not appropriately used to advance arguments or theories that could and should have been made before the trial court

2

rendered judgment, or to present evidence that was available earlier. *Id.*

Upon reconsideration, the Court determines that the denial of an award of attorney fees is correct as a matter of fact and law. The fees sought to be recovered are those incurred by DANCOR in the prosecution of this nondischargeability action against HASKELL. As explained in the Opinion, the American Rule, that a prevailing litigant may not assess his attorney fees against the losing party unless authorized by statute or contract, applies to dischargeability suits in bankruptcy. Section 523 does not provide for the award of attorney fees to the prevailing party.

DANCOR'S argument for fees is based primarily on the fee-shifting provision contained in the MRA. The MRA, however, is a contract between DANCOR and HCI. HASKELL executed the MRA in his stated capacity as HCI's vice president. In Illinois, when an officer signs an instrument and indicates next to his signature his corporate affiliation, absent evidence of contrary intent in the document, the officer is not personally bound. *Wottowa Ins. Agency, Inc. v. Bock,* 104 Ill.2d 311, 315-16, 472 N.E.2d 411, 413 (1984). DANCOR makes no argument that HASKELL incurred personal liability by signing the MRA on behalf of HCI.[1]

Notwithstanding HASKELL'S lack of personal liability, DANCOR argues that the fee-shifting provision set forth in the MRA provides a basis for recovery of its attorney fees here. The Court previously determined that the fees were outside of the scope of the plain meaning of that provision. DANCOR argues that the Court misinterpreted the language

---

[1] The DEBTOR'S liability in this adversary proceeding is premised upon the fact that he, personally, made a false representation of fact. One who commits a fraud as a corporate officer or agent may not hide behind the liability shield afforded by the corporate entity. *See, e.g., In re Hanson,* 432 B.R. 758, 781 (Bankr.N.D.Ill. 2010). While one who signs a contract as a corporate officer may be personally liable for false representations knowingly made in the contract as a matter of tort law, he is not thereby rendered personally liable for its obligations and covenants, which liability is determined as a matter of the law of contracts.

3

of the provision. The Court disagrees.

Because they are an exception to the general rule that the unsuccessful party is not responsible for paying the prevailing party's attorney fees, contractual fee-shifting provisions are strictly construed. *Law Offices of Colleen M. McLaughlin v. First Star Financial Corp.,* 2011 IL App (1st) 101849, 963 N.E.2d 968, 976. Ambiguities are to be construed against the party that drafted the contract. *Duldulao v. Saint Mary of Nazareth Hosp. Center,* 115 Ill.2d 482, 493, 505 N.E.2d 314 (1987).

The provision in question, appearing at paragraph 3 of the MRA, follows:

> SUBCONTRACTOR hereby agrees to indemnify and hold harmless CONTRACTOR as to any claims, liabilities, claims rights, obligations, charges, damages, costs, expenses, attorneys' fees, suits, actions, and demands, of every kind, nature, and character, known or unknown, liquidated or unliquidated, absolute or contingent, at law or in equity, arising from the work performed by SUBCONTRACTOR under the SUBCONTRACT, including but not limited to payments to material suppliers, employees, independent laborers and/or subcontractor(s), warranty work, backcharges, guaranties, taxes and insurance.

The MRA does not contain a traditional fee-shifting provision pertaining to fees incurred as a result of a breach of any of the MRA's provisions or in litigation between the parties.[2] Its sole reference to attorney fees is set forth in a string of terms of indemnity modified by the phrase "arising from the work performed by SUBCONTRACTOR [HCI]." In the Opinion, the Court determined that the claim against HASKELL arose from the falsity of a representation of fact made in the MRA, not from the work HCI performed on the construction projects. DANCOR now argues that the Court misinterpreted the

---

[2]*Cf. Osler Institute, Inc. v. Forde,* 386 F.3d 816, 819 (7th Cir. 2004), where the contract at issue provided:

> In the event any action is commenced by the Associate or the Corporation against the other and related in any way to Associate's employment by the Corporation, the prevailing party shall be reimbursed by the other party for the prevailing party's reasonable attorney fees incurred therein.

4

provision by not according meaning to the final phrase.

The final phrase "including but not limited to payments to material suppliers, employees, . . ." clearly and unambiguously refers back to the general string of indemnities. The final phrase is obviously intended to set forth specific examples of the kinds of claims or liabilities that might arise from the work performed by HCI. The Court rejects DANCOR'S contention that the final phrase operates to expand the scope of the modifier "arising from the work performed." In this Court's view, that contention is a last-ditch effort to twist the words of the provision to achieve a result not provided for. As stated in the Opinion, the fee-shifting provision of the MRA is unambiguous and does not cover the attorney fees incurred in the prosecution of this action.[3]

An alternative argument made by DANCOR to avoid the consequence of the lack of the DEBTOR'S personal liability for the obligations imposed upon HCI by the MRA, is that fee-shifting is permitted by state statute. DANCOR relies on the fact that it filed a state court lawsuit against the DEBTOR seeking damages, including attorney fees, that included a claim under the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et. seq.* That lawsuit was never prosecuted, however. The state court lawsuit, filed on January 19, 2011, was stayed within two weeks of its filing when the DEBTOR filed his Chapter 7 petition on February 1, 2011. This adversary proceeding was brought under 11 U.S.C. §§ 523 (a)(2)(A) and (a)(6). A judgment was entered under 11 U.S.C. § 523(a)(2)(A).

---

[3]Even if the provision is interpreted as DANCOR argues it should be, to cover "attorneys' fees . . . arising from . . . payments to . . . employees, independent laborers and/or subcontractor(s)," the argument still fails. The mechanics lien claims paid by DANCOR resulted not from "payments to employees, laborers or subcontractors," but from HCI's nonpayment of pension and welfare contributions payable to union pension and welfare funds. Under the applicable rule of strict construction, the provision cannot be applied as DANCOR wishes.

5

The Consumer Fraud and Deceptive Business Practices Act was not at issue and provided no basis for the relief awarded here. DANCOR pleaded, litigated and proved a claim for a debt arising out of a false representation pursuant to 11 U.S.C. § 523(a)(2)(A). Federal bankruptcy law was the basis for the cause of action. Where a judgment is awarded a creditor in a nondischargeability action, the bankruptcy court does not apply fee-shifting provisions applicable to state law causes of action. *In re S.S.,* 271 B.R. 240 (Bankr.D.N.J. 2002).

To summarize, the American Rule applies in bankruptcy litigation, so that a prevailing party may not recover attorney fees unless the losing party agreed to pay the fees in an enforceable contract, or a statute governing the cause of action actually litigated provides for a fee award. *See Matter of Sheridan,* 105 F.3d 1164, 1166 (7th Cir. 1997). Here, the DEBTOR, personally, made no contract with DANCOR for fee-shifting. Even if he could be held personally liable under the MRA, the fee-shifting provision in that document unambiguously does not encompass the attorney fees incurred by DANCOR in prosecuting the adversary proceeding. Even if the MRA is ambiguous, it must be construed against DANCOR as the drafter. Finally, fees are not awardable as a matter of bankruptcy law in nondischargeability actions under 11 U.S.C. § 523(a), and since the Consumer Fraud and Deceptive Business Practices Act was not the basis for any relief awarded DANCOR here or elsewhere, its fee-shifting provision is inapplicable.

DANCOR suggests that this Court "remand" the fee issue to the Illinois circuit court for determination. Remand presumes a prior transfer of a case from one court to another, and contemplates a return of the case to the originating court. Since DANCOR'S adversary

6

complaint was filed here, the concept of remand is inapposite.

This Court has now determined that the DEBTOR is not obligated to reimburse the attorney fees incurred by DANCOR, and that those fees are not part of the judgment entered in favor of DANCOR. Principles of *res judicata* bar DANCOR from pursuing the issue of the DEBTOR'S liability for fees in state court.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###